# Cover Letter

To The honorable court of Criminal Appeals my name is Lamar Lovett # TDCJ 1513403 TDCJ 1682405. I am writing in redrence to this rebuadal. I am not a Lawyer nor can I be held to the same stringent stand- ards as one. Travis Co. D.A.s office are simply not telling the truth. MR wares testimony is illegal or inadmissible as I was arested for me indictment for Solic- itation to commit capitol murder. The D.A. Dismissed it thereby making All of MR wares testimony and hard evidence inadmissable. My Atty. MR Brailford did not admit evidence nor say anything about me being siezed effected B140 lon Type until the closing argument why all on most of theire evidence is gathered illegaly Through illegal police proce dures. I do need help with this illness in prison Is int where I should be I ask the court of Criminal Appeals to do the right thing. Put me in a Hospital until I am dit for society with me having this mental Illness I also am in your debt your attention to this letter is greatly appreciated. This writting is mine I hope you can Read it oh yeah

Over

The 299th Dist court did not follow the order from the Highest court in Texas. I think that should make any ruleing of Dist 299 void. The Dismisals od all onginal charges were after the convicktion along with the Dismisal of the Solicitation. I was convickted 2010. The Dismisals are all 2011 I had no discovery or suppresion of evidence. they still will not give me these request for my current 11.07 acconing to 39.14 they should. I also think that Judge John charles Baird is my cousin By msrriage. as my Aunt June Lovett Baird in Alabama. married John charles Baird who recently passed away he was also from Austin Tx he was 96. I'm very my writing skills are not very good, as I am also A.D.H.D, your Attendion to this letter is greatly appreciated I had Someone copy This rebudal

F. Sighed

Larry Lovett

Ex Parte
Lamar Lovett

Court of Criminal Appeals
76670-06

PO Box 12308
Capitol Station
Austin, TX 78711

R.E. D-1-DC-10-904094

WA 76670

Rebutal To States Response
Finding of Fact and Conclusion
of Law

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 24 2015

Abel Acosta, Clerk

To the honorable court of Criminal appeals,

Now comes Lamar Lovett, defendant in Case # D-1-DC-10-9040904.

On November 19, 2014 the Court of Criminal appeals gave Dist 299, 90 days to perform an 11·07·3(d). They did not comply. The Court of Criminal appeals also( ) Dist 299 that they had 120 days to turn over all interigations and affidavits of 11·07·3(d) to the court of criminal appeals, Dist 299 has also just now given the defendant the states answer on (6-11-15) it was filed on (2-3-15) on page to the State, States that they knew that the victim and defendant were both at Shoal Creek mental Hospital, this alone contributes to a violation of code of Criminal Procedure 42.129. Also, in the fact and conclusion of Law Recomendation and order to transmit Habeaus Corpus record post conviction 11·07: The State admits to know of Defendands mental illness in the factual Background. (14) It states that the victim met the defendant at Shoal Creek psychratic Hospital, where they began a romantic relationship. This is true P.S. went with the defendant Lamar Lovett to a party the day after they left Shoal Creek. This is also true but in part only it was several mowths after leaving the hospital. Its not true that we only knew each other for a couple of days It was several months at least three(3) or four(4). The record of when both of us left Shoal Creek mental Hospital will verify this (is) The State, says that someone else said that the defendant said that the defendant said that the defendant said that I was complaining that the victim will not "give it up". Is that all a bunch of hear say also. (19) The states witness States that the defendant told him that he was trying to kill P.S. and choked her and thought he had killed her. That also cannot be guareented to be true (20) The applicant asked ware to kill P.S. so she could not testify against him and also cannot be guareented to be true (23) A charge of solicitation to commit Capital murder was filed on Mr. Lovett. the defendant he was also indicated on this charge. (24) A charge of attempted Capital murder was filed, and based on the defendants attempt to strangle P.S. to death after he raped her. The arrest affidavit says different that is based on the solicitation of Mr. Ware by the defendant (25) After the defendant was sentenced to prison on the charges in this case relating to physically and sexually assaulting P.S. and try to strangle her to death. The D.A. dismissed the seperate charge of solicitation Ware to commit capitol murder, with this dismissal it makes the testimony of ware and hard evidence there of inadmissable. (34) The Judgement of conviction for count VII was vacated (33) In the case of Monsterious offense is count, I attempted capitol murder. The defendant is constitutionly entitled to the lesser included offense via this in a prosecution of an offence with a lesser included offence, the jury may find the defendant not guilty of the greater offence but guilty of lesser offence Art 37.08, 37.09 all of this is in ground 10 my 11·07. (38) (Braniff) is an experienced Criminal lawyer. The State bar says he was schooled in Business and Insurance Law (41) Never the less (Braniff) requested a compentancy evaluation because of defendant mental Health history.

(1)

why isn't this the courts or D.A.'s job 42.129(6)(42) Dr. Cantu evaluated the defendant and found him compentant to stand trial. The defendant was chained to a floor forced to take Seroquel and the evaluation only lasted for 1.5 hours. This is a fact everyone else who gets an evaluation are sent to a hospital and evaluated sometimes for several months before they are convicted (56) Dr. Cantu evaluated the defendant and asked some questions related to sanity (59) The defendants counsel Ms. Eldrige obtained the defendants mental health records from Shoal Creek and the Travis Co. jail those records were admitted into evidence at the hearing. They were useful in getting the Agg. Assault vacated so there is proof that they could have shown reasonable doubt. (60) (Dr Cantu) and Mr. Braviff reviewed these records before trial (62) These records confirmed what Dr. Cantu and Braviff already knew, namely, that the defendant spent time at Shoal Creek following a suicide attempt that he was diagnosed with Schizo affective disorder, bypolar type, and that the defendant had been (            ) medicated and that the applicant was seeing counselors while in jail for his mental issues. (63) The records did not change any of (Dr. Cantu's) testimony or Braviffs mind or trial strategy (64) Braviffs decision not to introduce evidence about the defendants mental health during the guilt/innocence phase of trial was reasonable because the defendants mental health was not relevant at guilt/innocence phase of trial since his defence was he did not do it. Isn't that the reason we have C.C.P. 42.129(1) (67) Braviffs decision not to pursue diminished capacity defence was reasonable, I beg to differ (70) Dr Cantu could not say that the defendant was not capable of forming the request of mental state. (71) Dr. Cantu could not say whether the defendants mental health issues affected the defendant at all because the defendant couldn't remember any thing that happened (72) Additionally there is no eveidence to show that the defendant was having a psychotic episode that night. All of the before mentioned things or acts in said motion show a different story (77) Braviff decided not to introduce evidence of defendants mental health at the punishment phase of trial. But did mention in his final argument (84) First the jury was aware the defendant had mental health issues. Then that he met the victim while they were both staying at a psychiatric hospital and Braviff asked the jury to consider that the defendant had mental issues when deciding his punishment. Thus the jury already took this information into account when assesing the defendants sentences. The applicants has not shown by a perponderance of the evidence that the extensive evidence of his mental issues would have lead the jury to give a lessor sentence. I beg to differ ms. Eldridge got the Agg. Assault dismissed (86) Third the defendant knew he had mental issues and was supposed to be taking medication but he chose not to. The jury could not have held it against him if he tried to argue that he was less capable based on his mental health issues. Isn't this a showing of not being in the right state of mind 42.129(v)(87) while in jail on medication the defendant solicited a fellow inmate to kill the victim. In other words the defendant is dangerous even when he's receiving treatment and medication for his mental issues. Again the jury could have considered this to be an aggravating factor. This is in admissiable due to solicitation being dismissed. ②

(98) The defendant has not met his burden of proof to show that he was harmed because he has produce no evidence about what the offices would have testified to or how it would have helped his defence anymore than what was already in front of the jury. Once again I beg to differ to have a crime with the same m.o. happen 300 yards from the crime scene while the defendant is locked up could have proven reasonable doubt. (27) There is proof of the defendants mental issues for 42.129 (i) to be put into action by the state. I'm not an attorney or can I be held to the same strigent standards as one. I hope you review my last words based on manner. I feel I have been the victim of a witch hunt so to speak. I do have this mental illness, I am poor and they or the D.A. has someone whom in my opinion got framed for these crimes Mr. Ware has done all of this before and he is still on the street I think. He is not a creditable witness for the state as he was caught lieing in another charge in another state, inadmissiable evidence was produced by his testimony and hard evidence in this cause C.C.P. was violated 42.129 (i) alone with inadmissiable evidence from the solicitation charge with the use of 404 (b) and the defendant has been prejudiced against by the state. Also the states not complying with C.C.P 42.129 (i) is with holding excalpatory evidence also there are no record documentation of what defendant was supposed to have solicitated Mr. ware. And the one they do have is in right of illegal police procedures stated in defendants 11.07 They Const. Arts 1.06 and C.C.P. 38.23. I the defendant was also the victim of illegal procedure via CC.P. 37.07 (i) It must be clearly proven that the offence was commited via C.C.P 37.07 (i) It must be clearly proven that the offence was commited and accused is the perpetrader. It was never proven that the defendant commited crime of solicitation to commit capital murder for the use of 404 (b) to be admitted. Also evidence from alleged conversation with jail house informant was illegally presented at my trail. The acquisition of evidence the state use in this cause was not pursuant to any search warrant was absent extingent circumstances and made with out probable cause to believe defendant was engaged in criminal activity or that such evidence was in danger of being destroyed. Also criminal Law 401 402.2.

③

## Ground 3 Continued, (Jailhouse Informant)

The police may no longer employ techniques for eliciting information from an uncounseled defendant, that may have been proper at an earlier stage of the investigation, that employment of a cell mate to deliberately violates the defendants 6th Amendment Rights. I. da, 2629, see also; Heart v. u.s., 477 at 269, 100 set 2183, 2186, L. Ed. 2d (1980).

Sattelite v. Texas, 486 u.s. 2491, op sict 1792, 1797 for eliciting information 475 vs 6257, 106 S. Ct, 1409 L. Ed. 2d 631 (1983), Held respondents statements to the informant should not have been admitted to the trial, by evidence creating a situation likely indicate insufficient assistance of counsel. the court violated defendants Rights amendment under the fact particularly true facts may be the information.

A Jailhouse Informants testimony is not valid, and Cannot be trusted, when in fact, he has been proven to have lied under oath in other court house cases.
It was proven in my trial that this person, Michael Ware, had given testimony in another state on a federal matter, and he was caught lying on the stand.

# Ground 3

## Unlawful Testimony of Jailhouse Informant

Any oral, written or electronically recorded statements and acts allegedly made by defendant were improper as they were elicited through illegal police interrogation after defendant had requested assistance of counsel. Edwards v. Arizona, 451 u.s. 477 (1981); Art. 1, Sec. 10, Tex. Cons.; Arts. 1.05, and 38.22, Sec. 2(a)(3), Tex. Code Crim. Pro. see also; Miranda v. Arizona, 384 u.s. 436 (1966)

Any and all alleged nonstatutory extrajudicial statements, acts, admissions or confessions defendant made will be suppressed by law; Jackson v. Denno, 378 u.s. 368 (1964); Wong Sun v. u.s., 371 u.s. 471 (1963); Mapp v. Ohio, 367 u.s. 643 (1961); Arts. 1.27, 38.22 and 38.23, Tex. Code Crim. Pro.

Any statements and acts allegedly made by defendant in connection with this detention, search and seizure, and any tangible or other evidence seized or acquired then, or at a later time as a result of said statements or acts, are the products of the illegal detention, arrest and search and are therefore the direct result of illegal police procedures. see Article 1, Tex. Cons.; Arts. 1.06 and 38.23, Tex. Code Crim. Pro.

Any statements or acts allegedly attributed to defendant were made as a result of illegal costodial interrogation. Miranda v. Arizona and Art. 38.22 Tex. Code Crim. Pro.

The defendant was not afforded meaningful access to counsel at a time when critical decisions involving defendants constitutional and statutory rights were being made. u.s. v. Wade, 388 u.s. 218 (1967)

REGISTER OF ACTIONS
VELVA L. PRICE
DISTRICT CLERK, TRAVIS COUNTY TEXAS

TIME: 04:46:43 PM
DATE: Apr 28, 2015
PAGE: 3

D-1-DC-10-904094                        **STATE VS.LOVETT,LAMAR**
              PARTY:
    COURT/JUDGE: 299    299TH JUDICIAL DISTRICT COURT    STATUS:  TD    TDCJID SENTENCE
    FILING DATE: 11-18-2010                              CASE TYPE:  FEL    FELONY
DATE CASE ENTERED: 11-18-2010
  EVENT CATEGORY:
          PERIOD:                  TO

| DATE | PARTY | EVENT | RECEIPT # | AMOUNT |
|------|-------|-------|-----------|--------|
| 12-07-2010 | DF 1 | LETTER | | |
| 12-07-2010 | DF 1 | MTN:MOTION | | |
| | | MTN: INTRODUCING EVIDENCE OF SOLICITATION UNDER RULE 404(B) | | |
| 12-08-2010 | DF 1 | WARRANT RETURNED EXECUTED | | |
| 12-09-2010 | DF 1 | APPLICATION FOR SUBPOENA | | |
| 12-09-2010 | DF 1 | APPLICATION FOR SUBPOENA | | |
| 12-10-2010 | DF 1 | TDCJID SENTENCE | | |
| 12-10-2010 | DF 1 | COUNT WAIVED | | |
| 12-10-2010 | DF 1 | COUNT WAIVED | | |
| 12-10-2010 | DF 1 | COUNT WAIVED | | |
| 12-10-2010 | DF 1 | TDCJID SENTENCE | | |
| 12-10-2010 | DF 1 | TDCJID SENTENCE | | |
| 12-10-2010 | DF 1 | TDCJID SENTENCE | | |
| 12-10-2010 | DF 1 | SNT:FELONY COURT COSTS | | $219.00 |
| | | Count 1-1 ($219.00) SNT:FELONY COURT COSTS | | |
| 12-10-2010 | DF 1 | MSF:FEL SENTENCED TIME | | 70.0.0.0 |
| | | Count 1-1 Concurrent. Sentenced: 70 years 0 months 0 days | | |

Cause No. D1DC10-904094
D1DC-10-301929
10-202992
10-202993

| THE STATE OF TEXAS | § | IN THE 299th DISTRICT COURT |
| vs. | § | of |
| LAMAR LOVETT | § | TRAVIS COUNTY, TEXAS |

## STATE'S SIXTH AMENDED WITNESS AND EXPERT WITNESS LIST

COMES NOW, The State of Texas, by and through its District Attorney, and respectfully gives notice to the Attorney of Record for the Defendant, that the State of Texas may call any of the following:

1. Phyllis Schwartz
2. Dr. David Dolinak, Travis County Medical Examiner
3. Jim Anderson, Travis County Sheriff's Office
4. John Sevier, Austin Police Department
5. Michael Ware
6. David Kappler
7. Sara Kim, Travis County District Attorney's Office
8. Jennifer Findley
9. Eric Bovik
10. Juan Garza, TCSO
11. Timothy Gibbons, Austin EMS
12. Luis Sapien, APD
13. Raul Flores, Austin EMS
14. Officer Woytkewicz, APD
15. Marchelle Kappler, APD
16. Genevieve Frish
17. CSU Hernandez, APD
18. Model Gibson, APD
19. Michael Crumrine, APD
20. tephen Andreini, APD
21. Jeremy Compton, APD
22. Jeremy Compton, APD
23. Anne Martin, SANE Nurse
24. Cassie Carradine, DNA
25. Diana Morales, DNA
26. Elizabeth Morris, DNA
27. Alan Hopkins, Physician Brackenridge Hospital
28. Any APD fingerprint expert

Filed In The District Court
of Travis County, Texas

NOV 2 2 2010

At _____ AC 3 0 _____ M.
Amalia Rodriguez-Mendoza, Clerk

000032

T.D.C.J the charge of solicitation to commit capitol murder was dismissed. But the evidence from this alleged offense and cause number was used in my trial of the other alleged offenses, mainly Attempted Capitol Murder. This evidence is void by law due to not finding me guilty of this extreaneous offense; see memorandum;

These other cause #'s were dismissed after my conviction of all charges under one cause number.

D-1-DC-10-202993, (2 counts) Dismissed 1-6-11

D-1-DC-10-202992, (Agg. Asslt.) Dismissed 03or04/-6-2011

D-1-DC-10-301929 (solicitation) Dismissed 8-24-2011

Re-indicted Under D-1-DC-10-904094.

Rev. 01/14/14